## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES LUBIN | : | |
| d/b/a LUBIN ADVISORY GROUP, LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| vs. | : | FILE NO. **1:13-CV-02206** |
| | : | |
| DCT SYSTEMS GROUP, LLC, | : | |
| | : | |
| Defendant. | : | |

### ANSWER, AFFIRMATIVE DEFENSES and COUNTERCLAIMS

COMES NOW Defendant, *DCT SYSTEMS GROUP* ("Defendant" or "DCT"), by and through the undersigned counsel of record and hereby submits its *Answer, Affirmative Defenses and Counterclaim* and states as follows:

### AFFIRMATIVE DEFENSES

### First Defense

Defendant reserves the right to assert any affirmative defenses and matters in avoidance as may be disclosed during the course of additional investigation and discovery.

## Second Defense

Some or all of Plaintiff's claims are barred by failure of consideration.

## Third Defense

Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted.

## Fourth Defense

Some or all of Plaintiff's claims are barred by the doctrines of accord and satisfaction, laches, and unclean hands.

## Fifth Defense

Some or all of Plaintiff's claims are barred by the doctrines of estoppel, payment, release, and waiver.

## Sixth Defense

Some or all of Plaintiff's claims are barred by the doctrines of duress and coercion.

## Eighth Defense

Defendant asserts the affirmative defenses of fraud.

## Ninth Defense

Defendant asserts the defense of lack of personal jurisdiction.

## Tenth Defense

Some or all of Plaintiff's claims are barred by the absence of a binding contract.

## ANSWER

Having set forth the foregoing defenses, subject to and without waiving any other rights, defenses or objections, Defendant hereby responds to the specific allegations contained in the individual and enumerated paragraphs of the *Complaint* as follows:

1.

Defendant lacks adequate knowledge to either admit or deny the contents of Paragraph One (1) of Plaintiff's *Complaint*.

2.

Defendant lacks adequate knowledge to either admit or deny the contents of Paragraph Two (2) of Plaintiff's *Complaint*.

3.

Defendant admits Paragraph Three (3) of Plaintiff's *Complaint*.

4.

Defendant admits the contents of Paragraph Four (4) of Plaintiff's *Complaint*.

5.

Defendant admits the contents of Paragraph Five (5) of Plaintiff's *Complaint*.

6.

To the extent a response is required, Defendant objects to jurisdiction herein and denies Paragraph Six (6) of Plaintiff's *Complaint*.

7.

To the extent a response is required, Defendant objects to venue herein and denies Paragraph Seven (7) of Plaintiff's *Complaint*.

8.

Defendant denies the contents of Paragraph Eight (8) of Plaintiff's *Complaint*.

9.

Defendant denies the contents of Paragraph Nine (9) of Plaintiff's *Complaint*.

10.

Defendant denies the contents of Paragraph Ten (10) of Plaintiff's *Complaint*.

11.

Defendant denies the contents of Paragraph Eleven (11) of Plaintiff's *Complaint*.

12.

Defendant denies the contents of Paragraph Twelve (12) of Plaintiff's *Complaint*.

13.

Defendant denies the contents of Paragraph Thirteen (13) of Plaintiff's *Complaint*.

14.

Defendant denies the contents of Paragraph Fourteen (14) of Plaintiff's *Complaint*.

15.

Defendant denies the contents of Paragraph Fifteen (15) of Plaintiff's *Complaint*.

16.

Defendant denies the contents of Paragraph Sixteen (16) of Plaintiff's *Complaint*.

17.

Defendant denies the contents of Paragraph Seventeen (17) of Plaintiff's *Complaint*.

18.

Defendant denies the contents of Paragraph Eighteen (18) of Plaintiff's *Complaint.*

19.

Defendant denies the contents of Paragraph Nineteen (19) of Plaintiff's *Complaint.*

20.

Defendant denies the contents of Paragraph Twenty (20) of Plaintiff's *Complaint.*

21.

Defendants denies the contents of Paragraph Twenty-One (21) of Plaintiff's *Complaint.*

22.

Defendant denies the contents of Paragraph Twenty-Two (22) of Plaintiff's *Complaint.*

23.

Defendant denies the contents of Paragraph Twenty-Three (23) of Plaintiff's *Complaint.*

24.

Defendant denies the contents of Paragraph Twenty-Four (24) of Plaintiff's *Complaint*.

25.

Defendant denies the contents of Paragraph Twenty-Five (25) of Plaintiff's *Complaint*.

26.

Defendant denies the contents of Paragraph Twenty-Six (26) of Plaintiff's *Complaint*.

27.

Defendant denies the contents of Paragraph Twenty-Seven (27) of Plaintiff's *Complaint*.

28.

Defendant denies the contents of Paragraph Twenty-Eight (28) of Plaintiff's *Complaint*.

29.

Defendant denies the contents of Paragraph Twenty-Nine (29) of Plaintiff's *Complaint*.

30.

Defendant denies the contents of Paragraph Thirty (30) of Plaintiff's *Complaint*.

31.

Defendant denies the contents of Paragraph Thirty-One (31) of Plaintiff's *Complaint*.

32.

Defendant denies the contents of Paragraph Thirty-Two (32) of Plaintiff's *Complaint*.

33.

Defendant denies the contents of Paragraph Thirty-Three (33) of Plaintiff's *Complaint*.

34.

Defendant denies the contents of Paragraph Thirty-Four (34) of Plaintiff's *Complaint*.

35.

Defendant denies the contents of Paragraph Thirty-Five (35) of Plaintiff's *Complaint*.

36.

Defendant denies the contents of Paragraph Thirty-Six (36) of Plaintiff's *Complaint*.

37.

Defendant denies the contents of Paragraph Thirty-Seven (37) of Plaintiff's *Complaint*.

38.

Defendant denies the contents of Paragraph Thirty-Eight (38) of Plaintiff's *Complaint*.

39.

Defendant denies the contents of Paragraph Thirty-Nine (39) of Plaintiff's *Complaint*.

40.

Defendant denies the contents of Paragraph Forty (40) of Plaintiff's *Complaint*.

## **COUNTERCLAIMS**

Counterclaim Plaintiff *DCT* ("Counterclaim Plaintiff") asserts its Counterclaims against Plaintiff/Counterclaim Defendant as follows:

1.

Plaintiff is subject to the jurisdiction and venue of this Court by virtue of having filed the Complaint.

2.

Mr. Lubin provided some services for DCT as a subcontractor to one of DCT's contractors.

3.

DCT fully paid the contractor who was responsible to pay Mr. Lubin.

4.

Mr. Lubin failed to properly provide services for DCT, and Mr. Lubin's negligence caused DCT to incur damages.

5.

Mr. Lubin made slanderous and libelous statements to third parties regarding DCT, in an intentional effort to extort money from DCT and interfere with DCT contracts with third parties.

6.

All conditions precedent to the filing of these Counterclaims have been met or waived.

## COUNT I - NEGLIGENCE

DCT re-alleges and incorporates the preceding paragraphs as if set forth in full herein.

7.

Mr. Lubin had a duty to use ordinary care with respect to the services he provided for DCT.

8.

Mr. Lubin failed to use ordinary care when carrying out the services he provided.  Mr. Lubin's negligence included, without limitation, making significant errors in computer work, causing DCT to incur the cost of remedying such work.

9.

As a result of Mr. Lubin's negligence, DCT has suffered damages in an amount to be proven at trial.

## COUNT II – DEFAMATION

DCT re-alleges and incorporates the preceding paragraphs as if set forth in full herein.

10.

Mr. Lubin made slanderous and libelous statements to third parties, without

privilege, which were false and caused harm to DCT.

11.

Mr. Lubin's defamatory conduct included, without limitation, contacting representatives of Lowe's and stating that DCT's business practices were fraudulent, wrongful, and illegal.

12.

DCT has suffered significant damages as a result of Mr. Lubin's conduct.

## COUNT III – TORTIOUS INTERFERENCE WITH CONTRACT

DCT re-alleges and incorporates the preceding paragraphs as if set forth in full herein.

13.

Mr. Lubin, a stranger to the contract, contacted Lowe's and made false statements regarding DCT, causing harm to DCT.

14.

Mr. Lubin's false statements were made without privilege, and were intentionally designed to extort money from DCT and cause harm to DCT.

15.

As result of Mr. Lubin's conduct, DCT has suffered damages in an amount to

be proven at trial.

## COUNT IV – ATTORNEYS' FEES

DCT re-alleges and incorporates the preceding paragraphs as if set forth in full herein.

16.

Mr. Lubin has acted in bad faith, has been stubbornly litigious, and has caused Counterclaim Plaintiff unnecessary trouble and expense, entitling Counterclaim Plaintiff to an award of expenses of litigation, including reasonable attorneys' fees.

**WHEREFORE**, Defendant respectfully requests the following:

a.      that its defenses be inquired into and that the same be sustained;

b.      that Plaintiff recover nothing from Defendant as a result of the *Complaint* filed herein;

c.      that Plaintiff's *Complaint* be dismissed with prejudice;

d.      that Defendant have judgment in its favor and against the Plaintiff and awarded damages on Defendant's *Counterclaims*;

e.      that all costs be taxed against the Plaintiff, including but not limited to all attorney's fees incurred herein by Defendant;

f.    that this Court enter such other and further relief as it deems just and

proper under the circumstances; and

g.    that trial by a jury of twelve be had.

Respectfully submitted this 2nd day of October, 2013.

**EHRENCLOU & GROVER LLC**

/s/ W. Hennen Ehrenclou
W. Hennen Ehrenclou
Georgia State Bar No. 142552
*Attorney for Defendant*

*3399 Peachtree Road, N.E.*
*Suite 1220*
*Atlanta, Georgia 30326-1550*
*Telephone: (404) 228-5335*
*Facsimile: (404) 591-7969*
*Hennen@ehrenclougrover.com*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 2, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

*Janet E. Hill*
Hill & Associates, P.C.
1160 S. Milledge Ave. Suite 140
Athens, Georgia 30605
janetehill@bellsouth.net


<u>/s/ W. Hennen Ehrenclou</u>
Counsel for Defendant