# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CHARLES LUBIN d/b/a LUBIN ADVISORY GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:13-CV-02206-ODE |
| v. | ) ) | |
| DCT SYSTEMS GROUP, LLC, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S INITIAL DISCLOSURES

(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**Not applicable.**

(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Not applicable at this time. However, Defendant reserves the right to join additional parties at the appropriate time.**

1

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**Plaintiff and Defendant entered into negotiations in contemplation of an agreement whereby Plaintiff would provide computer services for Defendant in exchange for monetary compensation, a non-competition promise, and a non-solicitation promise, among other provisions. Plaintiff refused to agree to the non-compete, non-solicit, and other provisions, yet commenced work without ever receiving Defendant's consent to pay Plaintiff for his services. When Plaintiff demanded money from Defendant, the parties attempted to reach a settlement, despite the fact that the parties never reached a meeting of the minds, Plaintiff negligently failed to adequately provide services, and Defendant believed Plaintiff had already been compensated. Plaintiff refused to accept Defendant's reasonable offer to pay Plaintiff, and the Plaintiff thereafter made slanderous comments to Defendant's customers and interfered with Defendant's contractual relations, thereby causing Defendant substantial harm. Defendant reserves the right to state additional claims and defenses at the appropriate time, if necessary.**

(4) Describe in detail all statutes, codes, regulations, legal principals, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Georgia case law and statutory law regarding formation of contracts, quantum meruit, negligence, defamation, interference with contractual relations, indemnification, and awards of attorneys' fees.**

**Defendant reserves the right to state additional claims and defenses, with legal authorities, at the appropriate time, if necessary.**

(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**The Plaintiff, representatives of Defendant, Chuck Thakkar (all reachable through counsel).**

**Defendant reserves the right to state additional claims and defenses, with additional individuals, at the appropriate time, if necessary.**

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

**None at this time.**

(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and

tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

**Defendant reserves the right to state additional claims and defenses at the appropriate time, if necessary.  Defendant also reserves the right to produce additional categories of documents which may support any such claims and defenses, including, without limitation: any and all correspondence and communications among the parties; any and all correspondence and communications among and between Plaintiff, Lowe's, Plaintiff's other contractors, and Plaintiff's subcontractors and representatives; any evidence of contract negotiations between the parties.**

(8) In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.

**Defendant has been damaged as a result of Plaintiff's unauthorized and inadequate performance of computer services, resulting economic loss to Defendant in the amount required to pay another contractor to remedy**

**Plaintiff's inadequate work.  Defendant has also been damaged as a result of Plaintiff's wrongful defamatory comments and interference with contractual relations with Lowe's and other customers.  Defendant has been damaged as a result of Plaintiff's stubborn litigiousness and bad faith in a still unascertained amount of attorneys' fees.  Defendant reserves the right to assert additional counterclaims, crossclaims, and/or third party claims at the appropriate time.**

(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Not applicable at this time.  However, Defendant reserves the right to assert counterclaims, crossclaims, and/or third party claims at the appropriate time.**

(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**Not applicable.**

Respectfully submitted, this 4th day of November, 2013.


/s/ W. Hennen Ehrenclou_____
W. Hennen Ehrenclou
Georgia Bar No. 142552
Lead Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on November 4th, 2013, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

*Janet E. Hill*
Hill & Associates, P.C.
1160 S. Milledge Ave. Suite 140
Athens, Georgia 30605
janetehill@bellsouth.net

/s/ W. Hennen Ehrenclou
Lead Attorney for Defendant